IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

SHARON WALKER,
THE ROSE OF SHARON, INC.,
an Alabama non-profit corporation,

    Plaintiffs,

vs.       CASE NO.  5:14-cv-2246-CLS

CITY OF NEW HOPE;
BUTCH TAYLOR, MAYOR;
WONNIE FISHER; WADE GRIDER;
LEON HORNBUCKLE, Jr.;
SHIRLEY McKERLEY; and
DANNY BAKER,

    Defendants.

## ANSWER TO AMENDED COMPLAINT

Come now the defendants "City of New Hope", "Mayor Butch Taylor", "Wonnie Fisher", "Wade Grider", "Leon Hornbuckle, Jr.", "Shirley McKerley", and "Danny Baker" and for answer to the amended complaint heretofore filed in this cause state as follows:

    1.    Defendants admit that portions of the claims stated by plaintiffs in their complaint appear to be brought pursuant to the Fair Housing Act of 1968. Defendants deny that plaintiffs "Walker" and "Rose of Sharon" qualify as aggrieved parties pursuant to the Act.  Defendants further deny that all claims stated are brought

pursuant to the Act. Defendants are without sufficient information to admit or deny any other claims in paragraph, and any statement not specifically admitted herein is denied.

2. Defendants are without sufficient information to admit or deny paragraph 2 and therefore paragraph 2 is hereby denied.

3. Defendants are without sufficient information to admit or deny paragraph 3 and therefore said paragraph is therefore denied.

4. Defendants admit that the "City of New Hope" is an Alabama Municipal Corporation in Madison County, Alabama. Defendants admit that the "City of New Hope" has adopted a zoning ordinance. Defendants state that said zoning ordinance speaks for itself and to the extent paragraph 4 of plaintiffs' amended complaint purports to make summaries or statements regarding the contents of the zoning ordinance, said statements are hereby denied. Defendants admit that defendant Butch Taylor is an adult resident of Madison County, Alabama and that he has been sued by plaintiffs in his official capacity. Any statement in paragraph 4 not specifically admitted is hereby denied.

5. Defendants admit that defendants Fisher, Grider, Hornbuckle, McKerley and Baker are adult residents of Madison County, Alabama. Defendants, Fisher,

Grider, Hornbuckle, McKerley and Baker, admit that they have been sued in their official capacity as members of the New Hope Board of Zoning Adjustment.

6. Defendants admit that the Court has jurisdiction over matters filed pursuant to the Fair Housing Act of 1968 contained in 42 U.S.C. §§3601, et seq. Defendants deny that plaintiffs qualified as an aggrieved person under the Fair Housing Act. Defendants admit that the Court has jurisdiction pursuant to 28 U.S.C. §1331.

7. Defendants admit paragraph number 7.

8. Defendants are without sufficient information to admit or deny paragraph number 8, therefore paragraph number 8 is hereby denied.

9. Defendants are without sufficient information to admit or deny paragraph number 9, therefore paragraph number 9 is hereby denied.

10. Defendants admit that the "City of New Hope" zoning ordinance addresses boarding houses and rooming houses in R1 residential districts. To the extent paragraph 10 makes statements or summaries which are contrary to the actual zoning ordinance, said statements or summaries are hereby denied. Defendants admit that the house located at 613 Johnson Avenue is in a district zoned R-1. All other statements in paragraph number 10 are hereby denied.

11. It is admitted that plaintiff Walker contacted the clerk for the "City of New Hope" about the procedures required to obtain permission for the operation of a halfway house at 613 Johnson Avenue. All other statements contained in paragraph number 11 are hereby denied.

12. It is admitted that the Board of Zoning Adjustment for the "City of New Hope" conducted a hearing on August 16, 2014, wherein plaintiffs' request for a special exception use was discussed and voted upon. All other statements contained in paragraph 12 are hereby denied.

13. It is admitted that at the Zone of Boarding Adjustment hearing on August 26, 2014, plaintiff Walker was advised that her special exception application was deficient. All other statements contained in paragraph 13 are hereby denied.

14. Defendant is without sufficient information as to admit or deny any actions of the plaintiff and therefore denies any statements in paragraph 14 purporting to allege facts regarding plaintiffs' actions. All other statements contained in paragraph 14 are hereby denied.

15. Defendants admit that the zoning ordinance for the "City of New Hope" provides for a 15 day right of appeal of decisions of the Zoning Board of Adjustment. Defendants are without sufficient information to admit or deny any other statements made in paragraph 15 and therefore said statements are hereby denied.

16. Denied.

17. Denied.

18. This paragraph requires no response from defendants.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendants are without sufficient information to admit or deny the contents of paragraph number 23 therefore said paragraph is hereby denied.

## DEFENSES

24. The plaintiffs' amended complaint fails to state a claim upon which relief may be granted.

25. Defendants deny that plaintiffs are "aggrieved person" under the Federal Fair Housing Act.

26. Defendants deny that they or any one of them engaged in a discriminatory housing practice.

27. Defendants deny that plaintiffs have alleged an actual or imminent injury.

28. Defendants deny that any injury alleged is traceable to any alleged unlawful conduct of said defendants.

29. Defendants deny that plaintiffs' requested relief is likely to remedy plaintiffs' alleged injury.

30. Defendants deny plaintiffs have standing to bring the instant action.

31. Defendants deny that they had any duty to notify the plaintiffs of decisions of the "City of New Hope" Zoning Board of Adjustment in writing.

32. Defendants deny that plaintiffs have suffered disparate treatment as a result of the decision of the Zoning Board of Adjustment on August 26, 2014.

33. Defendants deny that plaintiffs have suffered disparate impact as a result of the decision of the Zoning Board of Adjustment on August 26, 2014.

34. Defendants deny that plaintiffs timely appealed the decision of the City of New Hope Zoning Board of Adjustment.

35. Defendants deny that plaintiffs qualify for a "reasonable accommodation".

36. Defendants deny that plaintiffs were without notice of the decision of the City of New Hope Zoning Board of Adjustment on August 26, 2014.

37. Defendants deny that plaintiffs provided the City of Athens Zoning

Board of Adjustment the necessary information upon which the Board could approve their requested Special Exception Use for the property in question.

38. Defendants generally deny the allegations of plaintiffs' amended complaint and demands strict proof thereof.

39. No act or omission by these defendants proximately caused the injuries and damages sought by the plaintiffs in this action.

40. Defendants deny that they engaged in any unlawful discrimination.

41. Defendants deny that they had any discriminatory intent in denying Plaintiffs' Special Exception Use request.

42. The individually named Defendants assert that to the extent they have been sued in their individual capacities, they are entitled to qualified immunity for the actions alleged by Plaintiffs.

43. Defendants deny that the City of New Hope Zoning Ordinance is discriminatory on its face.

44. Defendants deny that there exists either facial or pretextual disparate treatment under the acts alleged by Plaintiffs.

45. To the extent Plaintiffs assert claims against the Defendants in their official capacities, Defendants deny that Plaintiffs are entitled to monetary damages under the 11th Amendment of the U.S. Constitution.

46. Defendant City of New Hope denies that Plaintiffs are entitled to monetary damages to the extent that any such award is based upon the personal liability of any of the individual Defendants acting in their personal capacity.

47. Defendants are entitled to substantive, municipal or other immunity, in whole or in part, for the claims of the plaintiff in this action.

48. The Plaintiffs are not entitled to a judgment against the Defendants and the Plaintiffs are not entitled to recover or obtain any damages, interest, costs, attorney fees, or any other relief whatsoever from Defendants.

49. Defendants deny that any of the claims asserted come within the purview of the Fair Housing Act of 1968, as amended.

50. To the extent Plaintiffs' amended complaint attempts to state a claim for any claims under the laws of the State of Alabama, Defendants assert the statutory damages cap as set forth in Alabama Code §11-47-190 and 11-93-2 (1975).

51. To the extent Plaintiffs' amended complaint attempts to state a claim for any claims under the laws of the State of Alabama, Defendants assert that they are entitled to state agent immunity from said claims.

52. To the extent Plaintiffs' amended complaint attempts to state claims against the City of New Hope for wrongful acts in association with the drafting of the

City of New Hope Zoning Ordinance, the City and Mayor assert the defense of legislative immunity.

53.     Defendants deny that they have engaged in any wrongful acts which proximately caused any injuries or damages to the plaintiffs.

Respectfully submitted this the 2nd day of June, 2015.

OF COUNSEL:

| | |
|---|---|
| GRACE, MATTHEWS & DEBRO<br>108 North Jefferson Street<br>Huntsville, Alabama 35801<br>(256) 534-0491<br>gem@graceattys.com | BY: /s/ Gary K. Grace<br>      Gary K. Grace<br>      *Attorney for Defendants* |

OF COUNSEL:

| | |
|---|---|
| GRACE, MATTHEWS & DEBRO<br>108 North Jefferson Street<br>Huntsville, Alabama 35801<br>(256) 534-0491<br>jmatthews@graceattys.com | BY: /s/ Jennifer Matthews<br>      Jennifer Matthews<br>      *Attorney for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert C. Gammons
HARRISON GAMMONS & RAWLINSON, P.C.
P.O. Box 19008
Huntsville, Alabama 35804
(256) 533-7711
bob@hgrpc.com
*Attorney for Plaintiff*

This is the 2nd day of June, 2015.

/s/ Gary K. Grace
Gary K. Grace