FILED
2016 Dec-05 AM 09:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| SHARON WALKER and THE ROSE OF SHARON, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   Civil Action No. 5:14-cv-2246-CLS ) |
| CITY OF NEW HOPE, *et al.,* | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Sharon Walker and The Rose of Sharon, Inc., assert claims for violations of the Fair Housing Act of 1968, 42 U.S.C. § 3601 *et seq.*, against defendants City of New Hope, Alabama; Butch Taylor, the Mayor of New Hope; and Wonnie Fisher, Wade Grider, Leon Hornbuckle, Jr., Shirley McKerley, and Danny Baker, all of whom were members of the Board of Zoning Adjustment for the City of New Hope.[1]  Plaintiffs sought to convert an existing single-family home within the City of New Hope into a halfway house for recovering drug and alcohol addicts, but the Zoning Board denied plaintiffs' application to use the property in that manner. Plaintiffs assert that the denial decision was the result of unlawful discrimination based upon disability.

---

[1] *See* doc. no. 19 (Amended Complaint).

The case currently is before the court on defendants' motion for summary judgment[2] and plaintiffs' motion for partial summary judgment.[3] Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). Inferences in favor of the non-moving party are not unqualified, however. "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th

---

[2] Doc. no. 24.

[3] Doc. no. 27. Plaintiffs' motion is "partial" because they seek summary judgment in their favor only on the issue of liability, and wish to "reserv[e] for trial Plaintiffs'[] claims for compensatory damages and attorneys fees." Doc. no. 28 (Plaintiffs' Brief in Support of Motion for Partial Summary Judgment), at 23 (alterations supplied).

Cir. 1983) (alteration supplied).  Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is *material* to an issue affecting the outcome of the case.  The relevant rules of substantive law dictate the materiality of a disputed fact.  A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921) (emphasis and alteration supplied).  *See also Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 251-52 (1986) (asking "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

> "Cross motions for summary judgment do not change the standard." *Latin Am. Music Co. v. Archdiocese of San Juan of the Roman Catholic & Apostolic Church*, 499 F.3d 32, 38 (1st Cir. 2007). "'Cross motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.'" *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1030 (10th Cir. 2007) (quoting *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979)). "Even where the parties file cross motions pursuant to Rule 56, summary judgment is inappropriate if disputes remain as to material facts." *Id.*; *accord Monumental Paving & Excavating, Inc. v. Pa. Mfrs.' Ass'n Ins. Co.*, 176 F.3d 794, 797 (4th Cir. 1999) ("When considering motions from both parties for summary judgment, the court applies the same standard of review and so may not resolve genuine issues of material fact. Instead, [the court must] consider and rule upon each party's motion separately and determine whether summary judgment is appropriate as to each under the Rule 56 standard.") (citations omitted).

*Ernie Haire Ford, Inc. v. Universal Underwriters Insurance Co.*, 541 F. Supp. 2d 1295, 1297-98 (M.D. Fla. 2008) (alteration in original). *See also American Bankers Insurance Group v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005) ("This court reviews the district court's disposition of cross-motions for summary judgment *de novo*, applying the same legal standards used by the district court, viewing the evidence and all factual inferences therefrom in the light most favorable to the non-movant, and resolving all reasonable doubts about the facts in favor of the non-moving party.").

As an initial matter, plaintiffs agree that summary judgment is due to be granted in favor of individual defendants Butch Taylor, Wonnie Fisher, Wade Grider, Leon Hornbuckle, Shirley McKerley, and Danny Baker.[4] Even without plaintiffs' agreement, the claims against those defendants would be due to be dismissed. As the United States Supreme Court has held, official-capacity suits

> "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S .Ct. 2018, 2035, n. 55, 56 L. Ed. 2d 611 (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.

---

[4] Plaintiffs acknowledge that the "individual Defendants are named solely in their capacities as members of the New Hope Zoning Board of Adjustment and as the Mayor of New Hope." Doc. no. 38 (Plaintiffs' Response to Defendants' Motion for Summary Judgment), at 5. *See also id.* at 6 ("So long as the Plaintiffs' claims against the City remain, Plaintiffs will agree to dismiss the individual board members and Mayor Taylor as Defendants in this case.").

>   *Brandon*[ *v. Holt*]*,* 469 U.S. [464], 471-472 [(1985)].

*Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) (alterations supplied).

Moreover, plaintiffs have effectively conceded their claims for disparate impact discrimination under the Fair Housing Act by failing to respond to defendants' well-founded arguments that summary judgment should be granted on those claims. *See, e.g., Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (holding that "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned").

With regard to plaintiffs' claims for disparate treatment discrimination and failure to accommodate under the Fair Housing Act, however, the court concludes that there are genuine disputes of material fact that preclude the entry of summary judgment in favor of any party. Those claims will proceed to a jury trial.

In summary, defendants' motion for summary judgment is GRANTED in part and DENIED in part, and plaintiffs' motion for summary judgment is DENIED. All of plaintiffs' claims against defendants Butch Taylor, Wonnie Fisher, Wade Grider, Leon Hornbuckle, Shirley McKerley, and Danny Baker are DISMISSED with prejudice. Plaintiffs' claim for disparate impact discrimination under the Fair Housing Act also is DISMISSED with prejudice. Plaintiffs' remaining claims — for disparate discrimination and failure to accommodate under the Fair Housing Act

against the City of New Hope — will be set by separate order for pre-trial conference and trial.

    DONE this 5th day of December, 2016.

                                                    _____
                                                  United States District Judge